David M. Garvin, Pro Hac Vice
2333 Ponce de Leon Blvd.
Suite 314
Coral Gables, Florida 33134
305-371-8101
dgarvin@garvin.law

Cliff Dean Schneider, Esq.  (CABN 290819)
8939 S. Sepulveda Blvd.
Suite 102
Los Angeles, California 90045
888-332-2999
CDS@Cliff SchneiderLaw.com

Attorneys for Defendant
Vikram Srinivasan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>              Plaintiff,<br><br>     v.<br><br>VIKRAM SRINIVASAN,<br><br>              Defendant. | Case No. 4:24-CR-133-HSG<br><br><br>**MOTION REGARDING SEARCH AND TAINT PROTOCOLS** |

This motion is filed pursuant to the Court's order of March 18, 2026, as set forth in the minutes of the same (ECF No. 86).  The motion is to be filed on or before March 25, 2026.  The government's response is to be filed on or before April 15, 2026, and

Motion Regarding Search and Taint Protocols - 1

Defendant's reply is to be filed on or before April 22, 2026. The Court will determine if a hearing is necessary.

Counsel for Defendant has contacted counsel for the United States to discuss this motion. As part of this process, counsel for Defendant has made a copy of the motion available to counsel for the United States to review. Counsel for the United States has stated that the government OBJECTS to the relief requested by this motion.

Defendant Vikram Srinivasan seeks to protect his attorney-client privilege and related assistance-of-counsel rights afforded by the Sixth Amendment as well as his rights under the Fourth Amendment. Accordingly, he hereby respectfully moves the Court for an order requiring the government to state, in writing, whether or not it complied with the screening procedures set forth in Attachment B to its search warrant application pertaining to the contents of Mr. Srinivasan's email account, whether it utilized a formal search protocol in its review of Mr. Srinivasan's email account, and also whether it utilized a taint protocol in its review of the same so as to avoid violation of the attorney-client privilege. Mr. Srinivasan further asks the Court to order the government to (1) produce to the defense any protocols it may have used, (2) state which of these protocol(s), if any, were provided to the magistrate judge to whom the warrant application was presented, (3) produce documents evidencing any such presentment, (4) state when the protocol(s) were created, (5) state where any documents set aside (whether due to overbreadth of search or privilege issues) pursuant to any protocol(s) are stored and who maintained or maintains

control over them, and (6) produce any investigative report identifying the agents who conducted the search of Mr. Srinivasan's email account.

### Law and Argument

In executing a search warrant, "agents are limited by the longstanding principle that a duly issued warrant, even one with a thorough affidavit, may not be used to engage in a general, exploratory search." *United States v. Adjani*, 452 F.3d 1140, 1150 (9th Cir. 2006). Investigators frequently use search protocols as a means of complying with this constitutional obligation. While search protocols are by no means legally mandated in every case, the Ninth Circuit "look[s] favorably upon the inclusion of a search protocol[.]" *United States v. Hill*, 459 F.3d 966, 978 (9th Cir. 2006). In this case, the danger of a prohibited "general, exploratory search," *Adjani*, 452 F.3d at 1150, was particularly acute. That is because the search warrant directed against Mr. Srinivasan authorized the government to obtain a copy of the *entire* contents of Mr. Srinivasan's email account from August 1, 2019 to November 1, 2021. In Attachment B to the Search Warrant, the government ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ specific categories of information set forth later in Attachment B. (Ex. A, Warrant Application, Attachment B at 1.) It is imperative that Mr. Srinivasan learn whether or not the government complied with this safeguard. At this juncture, as to this initial screening requirement, he asks only that the government confirm, on the record, that it complied with the requirements of Attachment B and, specifically, those found in part "I" of that attachment.

Mr. Srinivasan also asks that the government be ordered to state, in writing, whether or not it implemented a search protocol as part of its obligation to ensure that Mr. Srinivasan's Fourth Amendment and other federal rights were not violated. Mr. Srinivasan asks the Court to order the government to produce a copy of the search protocol itself.

Further, Mr. Srinivasan asks the Court to order the government to state on the record whether a taint protocol for protecting attorney-client privilege was and is in place in this case, to state whether the government has consistently abided by that protocol, and to produce a copy of any such protocol. "[T]he attorney-client privilege" is of "fundamental importance . . . to our adversarial system of justice." *Barton v. United States District Court*, 410 F.3d 1104, 1109 (9th Cir. 2005). Taint protocols and taint teams are often essential to protecting this fundamental right, which lies at the core of the Sixth Amendment's right to assistance of counsel. *See, e.g.*, *United States v. Pedersen*, No. 3:12-CR-431, 2014 U.S. Dist. LEXIS 106227, at *88 (D. Or. Aug. 4, 2014) (finding defendants' Sixth Amendment right to confer with counsel in confidence was violated where "the filter team protocol was both grossly deficient and was not followed"). Here, the search warrant specifically authorized government seizure and copying of, among other things, ███████████████████████████████████████████████████████████████████████████████████████████████████████████,

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████,

████████████████████████ (Ex. B, Srinivasan Warrant, at 5-6.)  These sorts of documents are frequently rife with attorney-client communications—communications that the attorney-client privilege bars prosecutors from reviewing.  Moreover, in executing the warrant, the government seized more than 2,000 attorney-client emails from Mr. Srinivasan's "sent" folder—a figure that represents *nearly half* of the total number of emails in that folder.  And this is to say nothing of the many privileged communications contained in other folders within Mr. Srinivasan's email account.  In view of the specific facts of this case, then, it is crucial that the government be required to forthrightly disclose to the defense the steps taken to ensure that Mr. Srinivasan's attorney-client privilege has not been violated.

Finally, given the importance of filter and taint protocols in this case, Mr. Srinivasan also asks the Court to order the government to state which of these protocol(s), if any, were provided to the magistrate judge to whom the warrant application was presented, produce documents evidencing any such presentment, state when the protocol(s) were created, state where any documents set aside pursuant to any protocol(s) are stored and who maintained or maintains control over them, and produce any investigative report identifying the agents who conducted the search of Mr. Srinivasan's email account.

**Conclusion**

For these reasons, Defendant Vikram Srinivasan respectfully asks the Court to order the government to state, in writing, whether or not it complied with the screening procedures set forth in Attachment B to its search warrant application pertaining to the contents of Mr. Srinivasan's email account, order the government to produce copies of any filter or taint protocols used in this case, and grant the other requests for relief outlined in the third and penultimate paragraphs of this motion.

Dated March 25, 2026                          Respectfully submitted,



_____
Cliff Dean Schneider, Esq.
Attorney for Defendant Vikram Srinivasan


CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing motion regarding search and taint protocols with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

_____
Cliff Dean Schneider, Esq.
Attorney for Defendant Vikram Srinivasan