David M. Garvin, Pro Hac Vice
2333 Ponce de Leon Blvd.
Suite 314
Coral Gables, Florida 33134
305-371-8101
dgarvin@garvin.law

Cliff Dean Schneider, Esq.  (CABN 290819)
8939 S. Sepulveda Blvd.
Suite 102
Los Angeles, California 90045
888-332-2999
CDS@Cliff SchneiderLaw.com

Attorneys for Defendant
Vikram Srinivasan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>              Plaintiff,<br><br>     v.<br><br>VIKRAM SRINIVASAN,<br><br>              Defendant. | Case No. 4:24-CR-133-HSG<br><br><br>**MOTION REGARDING FAILURE TO PRODUCE SEIZED EMAILS** |

        This motion is filed pursuant to the Court's order of March 18, 2026, as set forth in the minutes of the same (ECF. No. 86).  The motion is to be filed on or before March 25, 2026.   The government's response is to be filed on or before April 15, 2026, and

Motion to Compel Production of Seized Emails - 1

Defendant's reply is to be filed on or before April 22, 2026.  The Court will determine if a hearing is necessary.

Counsel for Defendant has contacted counsel for the United States to discuss this motion.  As part of this process counsel for Defendant has made a copy of the motion available to counsel for the United States to review.  Counsel for the United States has stated that the government OBJECTS to the relief requested by this motion.

Defendant Vikram Srinivasan hereby respectfully moves the Court for an order requiring the government to immediately produce emails and other documents or materials seized via execution of the warrants issued for the email accounts of █████ ████████████████████████, and Wayan Mohammed Asefi.

**<u>Statement of Relevant Facts</u>**

Records already produced by the government show that, on October 8, 2021, FBI Agent James Gawrych applied for warrants authorizing the seizure and search of email accounts connected to ███████████████████████████████ and Wayan Mohammed Asefi.  (Ex. A.)  Records further show that those warrants issued swiftly thereafter.  Attached to this motion, for example, are warrants authorizing the search and seizure, on or before October 22, 2021, of ████████████ iCloud email account (Ex. B) and his Comcast email account (Ex. C) as well as the warrant authorizing search and seizure of the ████████ and Asefi accounts, which contains the same deadline (Ex. D).

Mr. Srinivasan was subsequently indicted in February 2024, and Mr. Asefi was indicted in July 2024.  On multiple occasions post-indictment—starting in September

2024—the government represented to defense counsel and this Court that it had produced all discoverable materials in this case.[1]  But contrary to those repeated assurances, the government revealed in November 2025 that there was yet more discovery to produce. The government subsequently produced *some* of what was still outstanding.  Yet the government still has not produced a single email from any of these seized and searched email accounts.  The government has been in possession of those emails since the end of 2021.  But now it claims that, though more than *four years* have since passed, it hasn't reviewed a single one of the emails and, moreover, doesn't intend to review any of the emails or use any of them at trial.  The government expects the Court and defense to believe this is so despite, among other things, the facts that Mr. Asefi is also under indictment and going to trial in February 2027 *and* that the warrants explicitly identified communications with Mr. Srinivasan as documents to be seized.  These facts only heighten the relevance of the fruits of these seizures to Mr. Srinivasan's case.  In light of all this, Mr. Srinivasan seeks the Court's intervention in order to address the government's troubling recalcitrance.

## Law and Argument

Criminal Rule 16(a)(1)(E) provides that, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents" and other items "if the item is within the government's possession, custody,

---

[1] The Government's production now exceeds 150,000 pages.  Due to the volume of discovery, the Court properly designated this case as complex on November 22, 2024 (ECF. No. 17).

or control and" and either "the item is material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial[.]"  The Rule is thus straightforward: The government *must* produce to the defense items that (1) are within its "possession, custody, or control" and are also either (2a) "material to preparing the defense" or (2b) likely to be used in the government's case in chief.

The emails and other materials seized from the email accounts in question easily satisfy the first of these requirements.  As they have been seized by government agents, they are necessarily within the government "possession, custody, or control."  (*See, e.g.,* Ex. A., ████████ iCloud Warrant Attachment B-3 at 1 (ordering Apple to provide an "exact duplicate of all information" in ████████ iCloud email account to "[l]aw enforcement personnel").)

Second, it is most assuredly the case that at least *some* of the materials seized from these email accounts are either "material to preparing the defense" or, despite the government's recent representation to the contrary, likely to be used by the government in its case in chief.  Mr. Srinivasan's indictment concerns events surrounding 1915 Buttner Street, Pleasant Hill, CA and other related transactions.  The government's grand jury presentation centered around this property as well as three other properties located at 1014-1016 Diamond Street, San Francisco, CA; 0 Page Street, San Lorenzo, CA; and 135 Wetmore Street, San Francisco, CA.  These four properties formed the basis for communications between Mr. Srinivasan, ████████████████, Mr. Asefi, the alleged victim "R.K." named in the indictment, and others. The interactions of these

parties vis-à-vis the properties is particularly relevant, as it bears directly upon what each person knew or understood regarding the transactions at any given point in time, and scienter, of course, is a crucial element of the offenses alleged here.  The notion that, in the undoubtedly vast troves of emails collected from these men, no documents were found that were either relevant to the preparation of the defense of this case or likely to be used in the government's own case is not plausible.

The government cannot hide behind the claim that the current prosecutor has not reviewed this information and does not intend to review it.  Indeed, it is the individual duty of Mr. Paulson to review all evidence in possession of the government to determine whether or not there is information that must be disclosed under *Brady v. Maryland* and its progeny. "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "[A] prosecutor is required to use due diligence—affirmative due diligence—to gather *Brady* material from known and plausible sources of exculpatory information and then to turn over any *Brady* material that is found." *United States v. Cerna*, 633 F. Supp. 2d 1053, 1061 (N.D. Cal. 2009).  Here, Mr. Paulson specifically told this court that he has no intention of reviewing or using any of the materials sought.  These materials are undoubtedly in the custody and control of the prosecutor and were specifically acquired by search warrants executed by federal agents. Mr. Paulson cannot simply turn a blind eye to this evidence and thereby relieve himself of his duty to disclose potentially exculpatory materials.

Mr. Srinivasan is not seeking privileged information obtained from the search warrants but believes he is entitled to production of emails related to the subject properties – similar to the government's position in the search warrants, with particular interest in the communications involving R.K.

Accordingly, because the entire contents of these email accounts are in the government's possession and because they undoubtedly contain information that is either material to the preparation of the defense or likely to be used in the government's case in chief, the government's failure to produce such documents in discovery is a violation of its obligations.

### **Conclusion**

For these reasons, Defendant Vikram Srinivasan respectfully asks the Court to order the government to immediately produce emails and other documents or materials seized by execution of the search warrants issued for the email accounts of ███████, ████████████████, and Wayan Mohammed Asefi.

Dated March 25, 2026                    Respectfully submitted,

_____
Cliff Dean Schneider, Esq.
Attorney for Defendant Vikram Srinivasan

CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing motion regarding failure to produce seized emails with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

_____
Cliff Dean Schneider, Esq.
Attorney for Defendant Vikram Srinivasan