David M. Garvin, Pro Hac Vice
2333 Ponce de Leon Blvd.
Suite 314
Coral Gables, Florida 33134
305-371-8101
dgarvin@garvin.law

Cliff Dean Schneider, Esq.  (CABN 290819)
8939 S. Sepulveda Blvd.
Suite 102
Los Angeles, California 90045
888-332-2999
CDS@Cliff SchneiderLaw.com

Attorneys for Defendant
Vikram Srinivasan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>  v.<br><br>VIKRAM SRINIVASAN,<br><br>        Defendant. | Case No. 4:24-CR-133-HSG<br><br><br>**MOTION TO COMPEL PRODUCTION OF GRAND-JURY MINISTERIAL RECORDS** |

This motion is filed pursuant to the Court's order of March 18, 2026, as set forth in the minutes of the same (ECF No. 86).  The motion is to be filed on or before March 25, 2026.  The government's response is to be filed on or before April 15, 2026, and

Motion to Compel Ministerial Records - 1

Defendant's reply is to be filed on or before April 22, 2026. The Court will determine if a hearing is necessary.

Counsel for Defendant has contacted counsel for the United States to discuss this motion. As part of this process, counsel for Defendant has made a copy of the motion available to counsel for the United States to review. Counsel for the United States has stated that the government OBJECTS to the relief requested by this motion.

Defendant Vikram Srinivasan hereby respectfully moves the Court for an order requiring the government to produce, within 14 days, certain ministerial records related to the grand jury or grand juries impaneled in relation to this case. Specifically, Mr. Srinivasan seeks an order requiring production of (1) records showing the dates on which each grand jury that considered the government's case against Mr. Srinivasan was impaneled and discharged; (2) all orders or other records authorizing summons of any such grand jury; (3) records showing if, when, and how any such grand jury was extended pursuant to Criminal Rule 6(g) or otherwise; (4) records showing how many members served on each such grand jury and any changes in jury census during the jury's term of service; (5) the impaneling instructions provided to each such grand jury; and (6) the legal instructions provided to each such grand jury.

### Statement of Relevant Facts

This case concerns a three-count indictment filed on February 29, 2024. It alleges one count of wire fraud in violation of 18 U.S.C. § 1343 and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. Though the indictment was not filed until

2024, discovery to date has included grand-jury subpoenas from 2021, 2022, and 2023. (*See* Ex. A.)  Because Criminal Rule 6(g) provides that a grand jury "may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service," and that such "[a]n extension may be granted for no more than 6 months," the timeline of this case means that multiple grand juries were necessarily involved.

### Law and Argument

"The proceedings before [a] grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not." *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973).  Additionally, litigants have a right of access to ministerial (as opposed to substantive) grand-jury records; that is, they, as members of the public, have a right to records that "relate to the procedural aspects of the empaneling and operation of the . . . Grand Jury, as opposed to records which relate to the substance of the . . . Grand Jury's investigation." *In re Special Grand Jury*, 674 F.2d 778, 779 n.1 (9th Cir. 1982).

Here, all of the records Mr. Srinivasan seeks are ministerial.  That is, they "do not reveal the substance or essence of the grand jury's investigation or deliberations." *United States v. Diaz*, 236 F.R.D. 470, 476 (N.D. Cal. 2006).  In the first four requests set forth above, Mr. Srinivasan merely seeks records showing the impaneling and discharge dates of each relevant grand jury, the orders authorizing each grand jury, records reflecting any extensions of each grand jury, and records showing how many jurors served on each grand jury as well as if and when those numbers fluctuated during each grand jury's term of

service.  Such records are inherently ministerial and convey only the most rudimentary information concerning "the procedural aspects of the empaneling and operation of the . . . Grand Jury." *In re Special Grand Jury*, 674 F.2d at 779 n.1.  Thus, in *United States v. Diaz*, another judge of this Court ordered that similar records, including orders "reflecting the beginning of the term or extension of the term of any grand jury that investigated the current matter" and "any orders to transfer evidence from one grand jury to another," must be disclosed, provided that the latter did not "describe[] or list[]" the actual "evidence shown to a grand jury." 236 F.R.D. at 478, 479.  *See also, e.g.*, *In re Grand Jury Investigation*, 903 F.2d 180, 181 (3d Cir. 1990) (reversing trial court decision denying motion for disclosure of grand jury's "commencement and termination dates"); *United States v. Jack*, 2009 U.S. Dist. LEXIS 133638, at *9 (E.D. Cal. Feb. 20, 2009) ("[o]rders reflecting the beginning term and extension of the terms of any grand jury investigating the defendants" are ministerial records subject to disclosure).

In the other two requests, Mr. Srinivasan seeks copies of the instructions given to the grand juries—both the impaneling instructions provided to each grand jury as well as the legal instructions provided to each grand jury.  These instructions are also ministerial in nature and subject to disclosure.  *See, e.g.*, *Diaz*, 236 F.R.D. at 478 (ordering production of "all instructions given to any grand jury that heard evidence in this matter"); *Jack*, 2009 U.S. Dist. LEXIS 133638, at *13 (ordering disclosure of a "transcript of the instructions and charges to the grand jury").

## **Conclusion**

For these reasons, Defendant Vikram Srinivasan respectfully asks the Court to order the disclosure of the six sets of ministerial grand-jury records listed above.

Dated March 25, 2026                              Respectfully submitted,

_____
Cliff Dean Schneider, Esq.
Attorney for Defendant Vikram Srinivasan


CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing motion to compel the production of grand jury ministerial records with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

_____
Cliff Dean Schneider, Esq.
Attorney for Defendant Vikram Srinivasan